IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JUSTICE I. ALLAH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:12cv298-WHA |
| | ) | (WO) |
| DOUGLAS COUNTY DISTRICT | ) | |
| ATTORNEY'S OFFICE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The petitioner, Justice I. Allah ("Allah"), who is currently jailed in Montgomery, Alabama, applied to this court for a writ of federal habeas corpus under 28 U.S.C. § 2241, seeking dismissal of an arrest warrant issued against him by the Douglas County Superior Court, located in Douglasville, Georgia. Allah maintains that Georgia authorities have unduly delayed his extradition for trial on the state criminal charges for which the warrant was issued and have also violated his right to a speedy trial on the charges. He contends that he is entitled to have the Georgia warrant and criminal charges dismissed.

**I.    DISCUSSION**

Ordinarily, the proper district for a § 2241 habeas corpus petition is the district in which the petitioner's custodian is located at the time the petitioner files the petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *see* 28 U.S.C. § 2241(a). Thus, the person with immediate custody of the petitioner – i.e., the warden of the facility where the petitioner is being held – is generally the proper respondent in a § 2241 habeas action. However, the

Supreme Court has recognized an exception to the "immediate custodian" rule where the warden is not "the person who holds [the petitioner] in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494-95 (1973). In such a case, the proper respondent may be "the entity or person who exercises legal control with respect to the challenged 'custody.'" *Padilla*, 542 U.S. at 438 (citing *Braden*, 410 U.S. 484). For the purposes of a § 2241 habeas action, when a petitioner confined in one state challenges his future confinement by a second state based on criminal charges levied by the second state, the petitioner is deemed to be "in custody" in the second state by virtue of the pending criminal charges. *See Braden,* 410 U.S. at 495.

Here, Allah has two custodians: Alabama, which has immediate physical control over him, and Georgia, which is entitled to future physical control over him based on the warrant and pending criminal charges. Allah challenges the arrest warrant issued by a Georgia state court and the criminal charges levied against him by Georgia authorities. His current incarceration in Alabama is entirely incidental to any claims asserted in his habeas petition. Allah's dispute, therefore, is with the State of Georgia, not the State of Alabama.

This court "[f]or the convenience of the parties and witnesses, [and] in the interest of justice" may transfer a case to any district where it might have been brought. 28 U.S.C. § 1404(a). Where a prisoner brings a § 2241 action in the district court of his confinement seeking to challenge charges lodged against him by another state, the court may transfer the cause of action to a more convenient forum. *See Braden*. Douglasville, Georgia, is located

within the jurisdiction of the United States District Court for the Northern District of Georgia. Upon consideration of the factual allegations contained in the present petition, it is clear that the United States District Court for the Northen District of Georgia is the most desirable and convenient forum for the adjudication of Allah's claims for habeas corpus relief. It is in the Northern District of Georgia where all the events material to Allah's claims took place and where the records and witnesses pertinent to such claims are likely to be found. Consequently, this court concludes that a transfer of this case to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) is appropriate.

## II.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Georgia.

It is further

ORDERED that on or before **April 19, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 5th day of April, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE